IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELEANOR GARDNER, ANA CONRADO,
SHWANTINA PADGETT & GIANNI WIDENER,
on behalf of themselves & all others similarly situated,

    Plaintiffs,

v.

Case Number: 6:10-CV-00995
Class Action Allegations

CENTURY 22 MARKETING, INC., a Florida
Corporation, ALLAN PEROMO &
NATALIA PERDOMO, individually,

    Defendants.
_____/

## MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW

The Plaintiffs move the Honorable Court to remand the above captioned case to the Circuit Court of the Ninth Judicial Circuit of Florida, as a federal question does not exist and the court does not have subject matter jurisdiction. The Court ought to remand this case back to state court.

### I.    Federal Question

Defendants solely removed Plaintiffs' Florida Constitutional claim based upon the unique position that it is truly a federal question. Defendants assert that a claim pursuant to Fla. Const. Art. X § 24 presents a federal question. The issue is whether Fla. Const. Art. X § 24 arises under federal law. It does not.

The well-pleaded complaint rule focuses on claims not theories. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 811 (1988) citing to *Franchise Tax Board*

1

*of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 26 and n. 29 (1983). Just because an element that is essential to a particular theory might be governed by federal law does not mean that the entire claim arises under federal law for purposes of conferring federal question jurisdiction under 28 U.S.C. § 1331. *Christianson*, 486 U.S. at 811.

Whether a claim "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only if a federal question is presented on the fact of the plaintiff's properly pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002). "The plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law" even if a federal claim is also available. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) (finding that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced.").

However, federal question jurisdiction may exist and support removal "if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Salav v. Boyland Auto Orlando, LLC*, 2008 WL 254127, *4 (M.D. Fla. 2008) (Fawsett, J.) (quoting *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Circ. 1998)); *Haun v. Don Mealy Imports, Inc.*, 285 F.Supp. 2d 1297, 1307 (M.D. Fla. 2003) (Sharp, J.). "Even though state law creates . . . [a] cause[] of action, [the] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law." *Franchise*

2

*Tax Bd. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 13 (1983); *see, e.g., Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314-15 (2005) (finding a basis for federal jurisdiction because resolution of a federal issue was both "an essential element" of the claim and implicated a strong federal interest, i.e., "the 'prompt and certain collection of delinquent taxes' . . . ."); *Ayres v. GMC*, 234 F.3d 514, 518 (11th Cir. 2000) (finding that a substantial, disputed question of federal law was an essential element of the plaintiff's cause of action because "resolution of th[e] case depends entirely on interpretation of the federal mail and wire fraud statutes . . . .).

Nonetheless, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. In a limited number of cases, federal question jurisdiction exists, "if a plaintiff's 'claim will be supported if the federal law is given one construction or effect and defeated if [the federal law] is given another [construction or effect]." Generally, however, no federal question jurisdiction exists if federal law "is merely set up by the state as a criterion by which to decide a state law question." *Salav*, 2008 WL 254127 at *4 (quoting *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982)). "The fact that part of the state statutory scheme requires some analysis of federal law . . . is insufficient to invoke federal jurisdiction." *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994) (citing *Moore v. Chesapeake & Ohio Ry. Co.*, 478 U.S. 205, 214-15 (1934) ("[I]t does not follow that a suit brought under the state statute[,] which . . . brings within the purview of the [state] statute a breach of duty imposed by federal statute, should be regarded as a suit arising under the laws of the United States . . . ."); *see also Mackillop v. Parliament*

3

*Coach Corp.*, 2009 WL 3430072 (M.D. Fla. 2009); *Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 325-25 (M.D. Ala. 1994). Judge Whittemore remanded a Fla. Const. Art. X § 24 class action, holding that such a claim did not create a federal question. *Isaac v. Metropolitan Life Insurance Company*, 8:10-cv-01067-JDW-TBM, Doc 15, July 21, 2010 (Order granting motion to remand).[1]

Plaintiffs initiated this action in state court and based their sole count on the Florida Constitution. Fla. Const. Art. X § 24 adopts many of the Fair Labor Standards Act's definitions. However, the Florida Constitution provides significantly more remedies to aggrieved employees. The Fair Labor Standards Act (FLSA) permits plaintiffs to file suit "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Additionally, the FLSA does not excuse noncompliance with any State law. 29 U.S.C. § 218(a). In other words, the FLSA provides a floor that may be raised by State laws. In the case at hand, the people of Florida enacted a constitutional amendment that provides for minimum wages for all hours worked, the ability to bring an opt-out class action and potentially a five year statute of limitations for willful violations and a four year statute of limitations for non-willful violations. The FLSA does not provide minimum wages for all hours worked. The FLSA only provides opt-in collective actions. The FLSA has a three year statute of limitations for willful violations and a two year

---

[1] Counsel is unaware of any cases holding that Fla. Const. Art. X § 24 creates a federal question. In *Bellido v. Timescape Marketing, LLC*, 6:10-cv-00653-GAP-KRS (M.D. Fla. Orlando Div., June 14, 2010), Judge Presnell found that a federal question existed because the Plaintiff sought liquidated damages pursuant to 29 U.S.C. § 216(b). In the case at hand, the Plaintiffs do not seek any relief pursuant to the Fair Labor Standards Act. Granting Plaintiffs motion to remand would be consistent with both *Isaac* and *Bellido*.

statute of limitations for non-willful violations. In essence, the people of Florida through a constitutional amendment doubled the statute of limitations for a minimum wage claim, provided for class actions and payment of minimum wages for all hours worked.

Plaintiffs' one count complaint neither arises under federal law nor presents a substantial question of federal law essential to resolving his case. Rather than sue pursuant to the FLSA, Plaintiffs sue Defendants under Fla. Const. Art. X § 24. Plaintiffs' complaint is not transformed into a claim arising solely under the laws of the United States merely because Fla. Const. Art. X § 24 adopts many of the definitions of the FLSA.[2]

## II.    Conference in Good Faith

The undersigned counsel engaged defense counsel in discussion pursuant to Local Rule 3.01(g) in order to resolve the issues presented in this motion and was unable to reach an agreement with defense counsel. Defendants object to Plaintiffs' motion to remand.

## III.   Oral Argument

Plaintiffs, pursuant to Local Rule 3.01(j) requests oral argument for this motion to remand and estimates a total of one (1) hour for the hearing.

---

[2] *Grable & Sons* involved federal tax issues that required the resolution of substantial federal law that affected the national interest, a federal forum was absolutely necessary to resolve those issues. 545 U.S. at 310. Whereas, Congress has always recognized that state courts may adjudicate FLSA claims. 29 U.S.C. § 216(b). The case at hand is based upon the Constitution of Florida. It does not involve a substantial disputed question of federal law. There is not a strong federal interest in interpreting or enforcing the Florida Constitution.

5

## IV. Conclusion

Plaintiffs initiated suit against Defendants in state court for unpaid minimum wages pursuant to the Florida Constitution. Defendants improperly removed the case to federal court. This Honorable Court does not have subject matter jurisdiction to hear Plaintiffs' case. Defendants uniquely assert federal question jurisdiction exists. Defendants argue that federal question jurisdiction exists from a Fla. Const. Art. X § 24 claim because the Florida Constitution is actually "arising under" federal law. The Florida Constitution's reference to the FLSA does not create a substantial and disputed question of federal law. This is evident from Congress' blessing that litigants may seek redress in state courts for FLSA cases. Fla. Const. Art. X § 24 and the FLSA have many substantial and substantive differences. The former Constitutional claim gives aggrieved employees far more rights to seek unpaid minimum wages from violating employers. The case at hand ought to be remanded to the Circuit Court of the Ninth Judicial Circuit for the State of Florida.

Dated this 26th day of August, 2010.

Respectfully submitted by,

**s/ CARLOS LEACH**
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: CLeach@forthepeople.com
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Bernard H. Dempsey, Jr., Esquire, Dempsey & Associates, P.A., 1560 Orange Ave. Suite 200, Winter Park, Florida, 32789, Email: bhd@dempsey-law.com, Defense Counsel.

                                                  **s/ CARLOS V. LEACH**
                                                  Carlos V. Leach, Esq.